J137-4886

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST COAST IMPORTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> E. MISHAN & SONS, INC., <br><br> Defendant. | Civ. Action No. 22-cv-8537(ER)(SN) <br><br> **STIPULATION AND** <br> **PROTECTIVE ORDER** |

The following provisions shall govern the exchange of confidential information in this matter:

IT IS HEREBY ORDERED that West Coast Imports, Inc., ("Plaintiff") and E. Mishan & Sons, Inc. ("Defendant"), and any other party or non-party, that, by itself or through its counsel, agrees to the terms of this Protective Order and/or receives disclosures of Confidential Information ("Party" or "Parties") shall be governed by the following terms and conditions in connection with the production and disclosure of Confidential Information in this action.

**1.** **Introduction and Scope**.  This Protective Order shall govern any and all manner and means of discovery, including entry onto land or premises, inspection of any and all documents and electronically stored information, and disclosure of information by other means, including communications between counsel. This Protective Order applies to all information produced or disclosed since the filing of this action regardless of whether such information was produced or disclosed prior to or after the entry of this Protective Order.

**2.** **<u>Definitions</u>.**

    a.    The terms "attorney-client privilege" and "work-product protection" have the same meanings as set forth in Fed. R. Evid. 502(g).

    b.    The term "Confidential Information" means any information, whether oral or in documents, electronically stored information, or tangible things that is of the type protectable from public disclosure under Fed. R. Civ. P. 26(c) and is so designated by the producing person in accordance with this Protective Order, as well as any information copied or extracted therefrom. The definition of Confidential Information is further described in Section 3.

    c.    The term "Consultant" means a person to whom it is necessary to disclose Confidential Information for the purposes of this action. A Consultant includes without limitation testifying experts, non-testifying experts, graphic consultants, videographers, stenographers, data processing consultants, and jury consultants. The term Consultant includes support and clerical personnel employed or engaged by a Consultant, and are subject to the same obligations of a Consultant.

    d.    The term "Outside Counsel" means the individual counsel of record and other attorneys associated with the law firms of counsel of record. The term counsel also includes support and clerical personnel, paralegal employees, and outside vendors or service providers (such as copy-service providers and document management consultants) that such counsel hired and assigned to this action.

    e.    The term "document" means both documents and electronically stored information as those terms are used in Fed. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of the term.

    f. The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

    g. The term "Producing Person" means any person, whether a party or nonparty, that produces or discloses any information in response to any discovery method permitted by the Federal Rules of Civil Procedure or that provides or discloses information during a hearing or other proceeding in this action.

    h. The term "Receiving Party" means any person to whom information is disclosed by a Producing Person.

  **3.** **Designation of Confidential Information**.

    a. Confidential Information may be designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Confidential Information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," if it (a) has been produced by a Producing Person; and (b) has been so designated by the Producing Person.

    b. To designate information as "CONFIDENTIAL," the Producing Person must reasonably and in good faith believe that the information reflects:

      i. Non-public business information, and/or commercial information which may be subject to confidentiality obligations; internal company correspondence; and/or information of a personal or intimate nature regarding an individual.

    c. To designate information as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," the Producing Person must reasonably and in good faith believe that

the information meets the same requirements as those for that designated as "CONFIDENTIAL" and that in addition reflects:

    i.    Highly sensitive information, such as, without limitation, information on sales, costs, pricing, profits, research, business plans, company financial information, information relating to research, development, innovation or production of products or services, including without limitation, product specifications, compositions, formulas, and ingredients/sourcing; proprietary know how; research information, including without limitation, research and development knowledge and know how; concepts, ideas, applications, discoveries, product innovations and future product launches, marketing plans and forecasts; customer lists, pricing data, cost data, customer orders, customer quotations; non-public pending or abandoned patent, trademark, and copyright applications; business or marketing plans or analyses; licenses; surveys; customer communications; or

    ii.    Private personal information, including the types of information subject to the requirements of Fed. R. Civ. P. 5.2.

**4.** **<u>Identification and Labeling of Confidential Information</u>**. The designation of Confidential Information for purposes of this Protective Order shall be made in the following manner by the Producing Person seeking protection, and shall further be consistent with any applicable Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("LR"):

a. In the case of documents, such as exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to any material containing any Confidential Information at the time such materials are produced or disclosed.

b. In the case of depositions: testimony given at a deposition or hearing and the resulting transcript will be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," and all Parties shall maintain the deposition or hearing transcript and information contained therein as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" until thirty (30) days after receipt of a copy of the transcript. Any Party desiring to maintain confidentiality more than thirty (30) days after receipt of a copy of the transcript must designate in writing before the thirty (30) day period expires those portions of the transcript regarded as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." All counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control with the appropriate designations.

c. If a Producing Person improperly designates Confidential Information, the disclosure of the improperly designated Confidential Information shall not constitute or be deemed a waiver or forfeiture of any protection that the Producing Person would otherwise be entitled to assert with respect to the improperly designated Confidential Information and its subject matter.

d. In the case of Confidential Information produced in its native electronic format and for any other tangible items: by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in a prominent place on the exterior of

the container or containers, or electronic media (including but not limited to CD or DVD), in which the Confidential Information is stored.

    **5.**    **Limitations on Access to Confidential Information; Restrictions on Use**.

    a.    Confidential Information, once designated as CONFIDENTIAL by a Producing Person, may be disclosed only to the following:

    i.    Outside Counsel of the Receiving Party;

    ii.    Designated officers or employees of the Receiving Party that in good faith need to have access to such information for the prosecution or defense of this action ("Designated Employees") and conditioned upon the officer or employee's compliance with Section 6;

    iii.    In preparation for a deposition or trial, or for examination at a deposition or trial: authors or original recipients of Confidential Information, or the Producing Person's designated Rule 30(b)(6) representative, or an officer or director of the Producing Person;

    iv.    Consultants of the Receiving Party subject to and conditioned upon the Consultant's compliance with Section 6; and

    v.    The Court and Court personnel, including stenographic reporters, interpreters, translators, copy services, any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, and the jury.

    b.    Confidential Information, once designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY by a Producing Person, shall not be disclosed to any

Receiving Party except the persons identified in subsections 5(a)(i), 5(a)(iii), 5(a)(iv) and 5(a)(v), above.

      c.     All Confidential Information subject to this Protective Order that is received by a Party shall be kept in secure facilities or otherwise stored in a manner to prevent its disclosure to unauthorized persons or the public.

      d.     The Producing Person shall have the right to exclude from attendance at a deposition, during such time as Confidential Information is to be disclosed, any person not entitled to receive such material under this Order.

**6.** **Procedure for Designated Employees and Consultants to Access Confidential Information for Receiving Party**.  The Parties agree that Consultants and Designated Employees for a Receiving Party may be given access to Confidential Information as noted above, but only on condition that prior to any such access each Consultant (except deposition videographers and stenographers) or Designated Employee must sign an agreement to be bound by this Protective Order in the form attached hereto as Exhibit A.  At such time as a Party designates or decides a Consultant is a testifying expert, Counsel must produce the signed agreement to opposing counsel along with a copy of that Consultant's curriculum vitae, which includes the Consultant's employment history for the past five years and a description of every current or previous employment or consulting relationship with any of the Parties.  If, however, the Consultant is an officer, employee, or owner of a competitor of any Party, then the Party wishing to retain the Consultant must, at least five (5) business days before such Consultant is permitted to access any Confidential Information, provide to all other Parties the agreement to be bound in Exhibit A to this Protective Order signed by the Consultant along with a copy of that Consultant's curriculum vitae, and a description of every current or previous employment or consulting relationship with

any of the Parties. If any objection is raised by any Party within the five (5) business days to such disclosure, no disclosure shall be made until the dispute is resolved by mutual agreement or by the Court.

7. **<u>Challenge To Confidentiality Designation/ Protective Order</u>**. This Protective Order is entered solely for the purpose of facilitating the exchange of information between the Parties to this action without involving the Court unnecessarily in this process. If a Receiving Party desires to disclose Confidential Information to a non-qualified person, or if the Receiving Party disagrees with a Producing Person's designation of documents or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, then the Receiving Party shall so notify counsel for the Producing Person in writing and confer in good faith as described in this Section.

A Party that challenges a Producing Person's designation of documents or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY must, in writing: (a) identify with particularity (i.e., by Bates number, page and line of deposition transcript; or otherwise) the challenged material or information; (b) explain the basis for its belief that the confidentiality designation was not proper; and (c) give the Producing Person a minimum of five (5) business days to review the designated material and remove or modify the designation or explain the basis for the original designation. The Parties agree to meet and confer regarding the designation.

If the Producing Person does not respond, provide adequate justification, or agree to remove or modify the designation, the objecting Party may seek relief from the Court. The Producing Person shall bear the burden of establishing that the designation of documents or

material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY is appropriate.

8. **Procedure To File Under Seal Confidential Information**. In the event that a Party seeks to file materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY, the filing Party shall comply with Section 6 of the SDNY Electronic Case Filing Rules & Instructions and this Court's Individual Practices regarding motions to file documents under seal. The Parties understand and accept the requirements of Section 6.1 of the SDNY Electronic Case Filing Rules & Instructions that documents may not be placed under seal without leave of the Court.

9. **Persons Bound By Protective Order**. All counsel, including Outside Counsel, for the Parties and all other persons permitted access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

10. **No Prejudice**. Entering into, agreeing to, or producing or receiving documents, material, or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY or otherwise complying with the terms of this Protective Order shall not:

   a. Prevent counsel from giving legal advice and opinions to his or her client based on his or her evaluation of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY produced by any Party, provided that such rendering of advice and opinions shall not directly or indirectly reveal the content of such information.

   b. Operate as an admission by any Party that any particular information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

   c. Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

   d. Prejudice in any way the rights of a Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   e. Prejudice in any way the rights of a Party to move the Court to amend or modify this Protective Order or to seek a further protective order relating to any Confidential Information or other information;

   f. Prejudice in any way the rights of a Party to ask the Court to permit any person, otherwise subject to exclusion from any part of a hearing or proceeding at which Confidential Information may be disclosed, to remain present during the hearing or proceeding notwithstanding the disclosure of the Confidential Information;

   g. Prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided by this Protective Order with respect to any particular information;

   h. Prevent the Parties from agreeing in writing to alter or extend the deadlines, time periods, and timelines contained in this Protective Order.

11. **<u>Inadvertent Production of Privileged or Confidential Information</u>**.

      a.     If a Producing Person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Person would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

      b.     If a claim of inadvertent disclosure is made in writing by a Producing Person with respect to Inadvertently Disclosed Information, the Receiving Party must take reasonable steps to identify and recall the Inadvertently Disclosed Information. The Receiving Party shall return (or destroy) the Inadvertently Disclosed Information and provide a written certification within five (5) business days following the receipt of a written claim of inadvertent disclosure by the Producing Person.

      c.     If the Receiving Party contests the Producing Person's claim of attorney-client privilege or work product protection, the Receiving Party must notify such Producing Person of its objection in writing within three (3) business days following receipt of the claim of inadvertent disclosure, and the Parties shall meet and confer in an effort to resolve the dispute. If the dispute cannot be resolved, the Producing Person must file a motion for relief pursuant to Rule 26(b)(5)B. In the event that the Receiving Party serves an objection under this Section 11(c), its obligations to return or destroy the Inadvertently Disclosed Information under Section 11(b) are suspended until the Parties reach a resolution, or the Court rules on the motion by the Producing Person brought pursuant to this Section 11(c). Pending resolution of the motion, the Receiving Party must not use the Inadvertently Disclosed Information or disclose it to any person.

    d.  The Producing Person retains the burden of establishing the privileged or protected nature of the Inadvertently Disclosed Information. Nothing in this Section 11 shall limit the right of any Party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

    e.  Any agreement by the Parties relating to Inadvertently Disclosed Information or a ruling by the Court on a motion brought pursuant to Section 11(c) of this Protective Order shall be binding in any subsequent proceeding pursuant to Fed. R. Evid. 502(d) and (e).

    f.  With respect to privilege logs, neither Party need log any communications from the filing date of the action and thereafter.

  **12.**  **<u>Final Disposition; Termination</u>**. The provisions of this Protective Order shall, absent written permission of the Producing Person or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this action beyond right of review, including any appeals therefrom, all persons having received Confidential Information shall return such information and all copies thereof to counsel for the Producing Person, or shall certify the destruction thereof; provided, however, that counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney-work product (including court papers, transcripts, and attorney work product that contain Confidential Information). Subject to the terms of this Order, Outside Counsel may retain copies of all filed pleadings, deposition transcripts and exhibits for archival purposes only.

13. **Use of Confidential Information at Trial**. The Parties shall confer in good faith about appropriate procedures to protect Confidential Information at trial. If the Parties cannot agree, the Parties will seek approval from the Court before using Confidential Information at trial.

14. **Use of Confidential Information Exclusively for This Action**. The Confidential Information shared pursuant to this Order shall be used only in the prosecution or defense of this action.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own Confidential Information.

15. **Designated Confidential Information Excluded from this Order**. The restrictions set forth in any of the sections of this Order shall not apply to information designated as Confidential Information if that information:

   a. was, is, or becomes public knowledge, not resulting from a violation of this Order;

   b. is lawfully acquired by the Receiving Party from a third party having the right to disclose such information independent of the Producing Person;

   c. was lawfully possessed by the Receiving Party prior to entry of this Order.

16. **Use of Confidential Information in Another Action**.  If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, (c) is served with any other legal process by one not a party to this action, or (d) is served with a request from a governmental agency, seeking information which was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY by someone other than that Party, the Party shall give written notice within five (5) business days of receipt of such subpoena, demand or legal process, to those who designated the information CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY and shall object to its production. Should the person seeking access to the information take action against

the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

      This Order may be enforced by any Party and any violation of this Order may result in the imposition of sanctions by the Court.

**EXHIBIT A**
Form of Agreement and Acknowledgment
to be Bound by Stipulated Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST COAST IMPORTS, INC.,<br><br>                     Plaintiff,<br><br>v.<br><br>E. MISHAN & SONS, INC.,<br><br>                     Defendant. | Civ. Action No. 22-cv-8537(ER)(SN)<br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *West Coast Imports, Inc. v. E. Mishan & Sons, Inc.* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" are confidential by Order of the Court. I have read and agree to be bound by all of the terms of the attached Stipulation And Protective Order, dated _____, 2023.  I further agree to consent to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Protective Order. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____, 2023

NAME AND ADDRESS OF SIGNATOR:

_____

_____

_____

## SIGNATURE CERTIFICATION

Pursuant to Section 8.5 of the Electronic Case Filing Rules and Instructions, I hereby certify that the content of this document is acceptable to Aasheesh Shravah, counsel for Plaintiff West Coast Imports, Inc., and that I have obtained Mr. Shravah's authorization to affix his electronic signature to this document.

                                                                         s/ Alan Federbush

STIPULATED AND AGREED:

| | |
|---|---|
| */s/* Aasheesh Shravah | */s/* Alan Federbush |
| Aasheesh Shravah | John Zaccaria |
| *ashravah@cm.com* | *john.zaccaria@notaromichalos.com* |
| CULHANE MEADOWS PLLC | Alan Federbush |
| 13101 Preston Rd., Ste. 110-1520 | *alan.federbush@notaromichalos.com* |
| Dallas, Texas 75240 | John S. Economou |
| Phone: (844) 285-4263 | *john.economou@notaromichalos.com* |
| Facsimile: (212) 216-8001 | NOTARO, MICHALOS & ZACCARIA P.C. |
| | 100 Dutch Hill Road, Suite 240 |
| *Attorneys for Plaintiff* | Orangeburg, NY 10962 |
| *West Coast Imports, Inc.* | Telephone: (845) 359-7700 |
| | Facsimile: (845) 359-7798 |
| | |
| | *Attorneys for Defendant* |
| | *E. Mishan & Sons, Inc.* |

SO ORDERED:

Dated: ___June 6___, 2023
New York, New York

                                                  U.S. District Judge Edgardo Ramos

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2023, a copy of the foregoing was filed electronically on the court's ECF system. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                s/ Alan Federbush