LAW OFFICE
NOTARO, MICHALOS & ZACCARIA P.C.

ANGELO NOTARO
PETER C. MICHALOS
JOHN ZACCARIA
PETER BUCCI
ALAN FEDERBUSH
BRIAN J. DOYLE
JOHN S. ECONOMOU

**MEMO ENDORSED**
at page 3

PATENTS
TRADEMARKS
COPYRIGHTS

OF COUNSEL
MILTON WOLSON

July 28, 2026

**VIA ECF**

Honorable Edgardo Ramos
Thurgood Marshall District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *West Coast Imports, Inc. v. E. Mishan & Sons, Inc.*
Case No. 1:22-cv-08537-ER-SN
Defendant's Letter Motion to Strike Portions of Plaintiff's
Claim Construction Reply Brief

Dear Judge Ramos:

We represent defendant E. Mishan & Sons, Inc. ("Emson") in this action. Claim construction briefing for the three design patents[1] remaining in this action is now complete. However, Emson respectfully asks the Court to strike a portion of Plaintiff's reply brief (Dkt. 76), or in the alternative, at least decline to consider this portion of Plaintiff's brief.

On pages 10-11 of its reply brief (Dkt. 76), Plaintiff raises for the first time an entirely new claim construction theory based upon a figure from a later-filed utility patent, US 11,428,390 ("the '390 Patent"). That argument exceeds the proper scope of a reply brief. The Federal Circuit has explained that "reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration," because the opposing party ordinarily has no opportunity to respond. *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002); *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 Civ. 8779, 2017 WL 5513636, *8 n.13 (S.D.N.Y. Nov. 16, 2017) ("such an argument was raised for the first time on reply and will not be considered.")

In its opening brief, Plaintiff argued that "the Court should decline to engage in unnecessary written constructions and instead rely on the figures themselves to define the claimed designs." (Dkt. 71, at 1). Yet now, Plaintiff for the first time argues that the Court should look beyond the boundaries of the figures of the design patent at issue and look to this utility patent. Plaintiff's reply does not merely cite an additional authority. It abandons the claim-construction methodology advocated in Plaintiff's opening brief. Having urged the Court to rely exclusively on

[1] US D909,646 ("the '646 Patent"), US D1,030,111, and US D1,075,098.

the figures of the design patents, Plaintiff now asks the Court to assign those figures a meaning derived from statements contained in a different utility patent.

1) Emson did not raise the ’390 Patent in its brief, nor did Plaintiff raise the ’390 Patent in its opening brief.

Local Patent Rule 12(c) expressly states: “Not later than seven days after service of the response, the opening party may serve and file a reply solely rebutting the opposing party’s response.” (emphasis added). Likewise, the Scheduling Order in this case expressly states: “Plaintiff shall serve and file any reply solely rebutting Defendant’s response by July 3, 2026.” Second Amended Civil Case Discovery Plan and Scheduling Order (Dkt. 69, at ¶ 4.f, emphasis added).

Further, Local Patent Rule 12(a) and the Scheduling Order (Dkt. 69, at ¶ 4.d) require that “all supporting evidence” be submitted with Plaintiff’s opening claim construction brief. Plaintiff did not identify its reliance on the ’390 Patent or any argument that the Court should construe the design patents by reference to the ’390 Patent in its opening brief.

Plaintiff’s opening brief never argued that a related utility patent should be consulted to construe the design patents. Instead, Plaintiff affirmatively argued that “the Court should … rely on the figures themselves….” (Dkt. 71, at 1). Only after Emson demonstrated that Plaintiff’s proposed construction is inconsistent with established USPTO drawing conventions did Plaintiff change course and invoke a separate patent in its construction. Neither party relied upon the ’390 Patent in its opening claim construction brief. Thus, Plaintiff’s reliance on the ’390 Patent is untimely.

2) The patented design is defined by the drawings, not later utility patent disclosures.

Regardless of what the ’390 Patent discloses, the claimed design is limited to what is shown in the design patent’s drawings. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) (“The claim at bar, as in all design cases, is limited to what is shown in the application drawings.”); *In re Daniels*, 144 F.3d 1452, 1456 (Fed. Cir. 1998) (“It is the drawings of the design patent that provide the description of the invention.”)

The PTO requires transparent or translucent surfaces to be shown with oblique line shading. M.P.E.P. 1503.02(II) (“[o]blique line shading must be used to show transparent, translucent and highly polished or reflective surfaces, such as a mirror.”) (emphasis added). This rule is not optional. The drawings of the ’646 Patent do not use oblique line shading in the central portion of the front face of the design, only in the annular outer region. Plaintiff now asks the Court to ignore what the drawings of its design show in view of mandatory drawing conventions and rewrite the design drawings because a later utility patent says that region is transparent. Neither the written specification of the ’390 Patent nor Figure 5, referenced in Plaintiff’s brief, appears in the design patents-in-suit or their drawings.

Plaintiff cites no authority – and Emson has found none--permitting a court to construe the visual disclosure of a design patent by reference to the written specification and drawings of a utility patent. To the contrary, the Federal Circuit has repeatedly held that a design patent is defined by its drawings. If the center region was intended to depict transparency or translucency, the USPTO drawing conventions required the inventor to depict it with oblique line shading. The inventor did so elsewhere in the same patent, demonstrating knowledge of the mandatory drawing convention, but deliberately did not employ that convention for the disputed region. Plaintiff's reliance on the '390 Patent cannot overcome the disclosure of the design patent itself.

Had Plaintiff advanced this theory in its opening brief, Emson would have addressed why Federal Circuit precedent defines a design patent by its drawings, and why the written description and drawings of the '390 Patent cannot alter the meaning conveyed by those drawings. Plaintiff's decision to reserve that issue until its reply deprived Emson of any opportunity to do so.

For the above reasons, the discussion relating to the '390 Patent on pages 10-11 of Plaintiff's reply brief should not be considered, or alternatively, stricken from Plaintiff's reply brief. Alternatively, if Plaintiff's new argument is not stricken, Emson should be given the opportunity to respond.

Respectfully submitted,

s/ *Alan Federbush*
Alan Federbush

*Counsel for E. Mishan & Sons, Inc.*

Plaintiff is directed to respond to this letter by July 31, 2026.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: July 29, 2026
New York, New York